NO. 07-09-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 8, 2010

_____

TIMOTHY DAVENPORT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10,065; HONORABLE JOHN LAGRONE, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Timothy Davenport, was convicted for possession of a controlled substance and sentenced to fourteen months confinement. Appellant timely filed a notice of appeal. On October 19, 2009, retained counsel for Appellant filed a *Motion to Dismiss Appeal* representing that Appellant wished to withdraw his notice of appeal. Although the motion was signed by counsel, it was not signed by

Appellant as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure. Consequently, counsel was advised by the Clerk of this Court of the defect. Counsel then notified this Court by letter that he understood Appellant was in prison, "but after a thorough search," was unable to locate him for his signature.

By telephone inquiry, the Clerk of this Court determined the following:

- Appellant was released on an appeal bond issued by Ferguson Bond Company;
- Appellant's home address is 106 Dillard, Borger, Texas 79007; and
- Appellant's work phone number is (806) 274-5656.

This information was made available to counsel by letter dated December 7, 2009. By that same letter, counsel was advised that the Court was unable to grant the motion to dismiss without Appellant's signature and was notified that failure to procure his signature by December 17, 2009, would result in abatement of the appeal and a remand of the cause to the trial court to resolve the issue. Counsel has not responded to the December 7 letter.

Therefore we now abate this appeal and remand the cause to the trial court. Upon remand, the trial court shall utilize whatever means necessary to determine:

1. whether Appellant desires to dismiss his appeal, and if so, procure his signature on a motion to dismiss and file it with the Clerk of this Court; or

2. whether Appellant wishes to continue with his appeal.

The trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issue and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by Monday, February 22, 2010.[1]

It is so ordered.

Per Curiam

---

[1]The appellate record was due to be filed on December 17, 2009. That deadline is abated pending resolution by the trial court of the status of Appellant's appeal.